UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS TYSHUN PORTER,<br><br>          Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>          Respondent. | Case No. 1:22-cv-00907-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. Nos. 11, 20) |

Petitioner Marcus Tyhsun Porter ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition raises one ground for relief: Petitioner is actually innocent of his "U.S.S.G. § 4B1.1 mandatory minimum career offender enhancement because his conviction for conspiracy to commit armed bank robbery under 18 U.S.C. § 371 of count one is not a crime of violence under the element[] clause § 924(c)(1)(A) or (B)." (*Id*. at 6). To the extent discernable, Petitioner relies on *United States v. Taylor*, 142 S. Ct.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

2015 (2022) and *United States v. Davis*, 139 S. Ct. 2319 (2019) as support for this claim. (*Id*. at 6-8). Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28 U.S.C. § 2255 does not apply. (Doc. No. 11, "Motion"). Respondent attached portions of the record from Petitioner's court of conviction. (Doc. No. 11-1).

On October 20, 2022, Petitioner filed an "amended opposition" to the Motion, that appears to claim Respondent did not respond to the actual ground for relief asserted in his Petition: that he was actually innocent of his U.S.S.G. § 4B1.1 mandatory minimum career offender enhancement because his predicate convictions for trafficking cocaine and first-degree possession of marijuana no longer qualify as felony drug offenses or serious drug offenses in light of *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 579 U.S. 500 (2016). (Doc. No. 13 at 4). The Court directed Respondent to file a supplemental response to the opposition with particular attention to whether the ground of relief referenced in Petitioner's opposition was properly stated in the Petition, and to the merits, if warranted. (Doc. No. 15). On June 20, 2023, Respondent filed supplemental briefing arguing that the only ground for relief stated in the Petition was "a claim under *Taylor*, to wit: that his predicate conspiracy conviction is 'not' a predicate conviction 'for the purposes of career offender enhancement.'" (Doc. No. 16 at 3).

On June 27, 2023, the Court permitted Respondent to file a supplemental response in light of the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. ---, 143 S. Ct. 1857 (2023), decided on June 22, 2023. (Doc. No. 17). On July 11, 2023, Respondent filed a supplement to the motion to dismiss arguing that dismissal of the Petition is compelled pursuant to *Jones*. (Doc. No. 20). Petitioner has not filed a reply, and the deadline for doing so has passed. (*See* Doc. No. 17 (allowing seven days from Respondent's supplemental response to file a supplemental reply)). For the reasons set forth more fully herein, the undersigned recommends granting Respondent's Motion to Dismiss.

////

////

# I. BACKGROUND

## A. Procedural History

Petitioner, a federal prisoner, is serving a 210-month cumulative sentence for conspiracy to commit armed bank robbery under 18 U.S.C. § 371 and the lesser included offense of bank robbery under 18 U.S.C. § 2113(a), imposed in 2013 after a jury trial by the United States District Court for the Northern District of Alabama ("NDAL"). *See United States v. Porter et al.*, 1:13-cr-00145-AKK-JEO-1, Crim. Doc. Nos. 66, 92 (N.D. Al.)[2]; Doc. No. 11-1.

Petitioner's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit. Crim. Doc. No. 109; *United States v. Porter*, 594 Fed. App'x 585 (11th Cir. 2014). In 2017, Petitioner filed a § 2255 motion to vacate his sentence, which was denied by the NDAL. Crim. Doc. Nos. 111-12. Most recently, in July 2022, the Eleventh Circuit denied Petitioner's application for leave to file a second or successive § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Borden v. United States*, 141 S. Ct. 1817 (2021). Crim. Doc. No. 115.

# II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

## A. Jurisdiction under § 2241

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner,

---

[2] The undersigned cites to the record in Petitioner's underlying NDAL criminal case as "Crim. Doc. No. _:_."

3

location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id*. at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In *Jones v. Hendrix*, the Supreme Court recently held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864. The Supreme Court noted that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 1867. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.* at 1869.

Here, regardless of whether Petitioner is relying on *Taylor*, *Davis*, *Mathis*, or *Descamps* to support his argument that he has § 2241 jurisdiction under the savings clause of 2255(e), his claim of error is based on an intervening change in statutory interpretation. *See Bradley v. Brewer*, 2023 WL 5056952, at *1 (E.D. Cal. July 28, 2023) (finding lack of § 2241 jurisdiction under the savings clause to consider claim brought under *Descamps* and *Mathis* because they are cases of statutory interpretation); *Jackson v. Trate*, 2023 WL 5004981, at *1 (E.D. Cal. July 18, 2023) ("*Jones* precludes Petitioner from bringing statutory *Davis* and *Taylor* claims in a § 2241 petition pursuant to the savings clause."). Thus, pursuant to *Jones*, this Court lacks jurisdiction to consider his claim.

4

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) be **GRANTED**.

2. The Petition (Doc No. 1) be dismissed for lack of jurisdiction.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     August 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE